UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. KOEHN,<br><br>    *Plaintiff,*<br><br>v.<br><br>FNU BONCHER, FNU PATRONICK, FNU SUROWANIEC, FNU NAPIER<br><br>    *Defendants.* | No. 24-cv-10846-PGL |

**REPORT and RECOMMENDATION**
**(and ORDER TO REASSIGN CASE)**

**LEVENSON, U.S.M.J.**

On April 1, 2024, Joseph A. Koehn, a federal prisoner confined at FMC Devens, filed a civil action claiming that his access to the Bureau of Prisons' TRULINCS email application was wrongfully revoked.[1] Docket No. 1. Along with his Complaint, Koehn filed an Application to Proceed in District court without Prepaying Fees or Costs, otherwise known as proceeding *in forma pauperis*. Docket No. 2.

On April 19, 2024, I denied (without prejudice) the application to proceed without prepaying fees or costs, since Plaintiff had failed to comply with the prisoner financial disclosure rules for *in forma pauperis* filings. Docket No. 9.

---

[1] TRULINCS is the acronym for the Bureau of Prisons' "Trust Fund Limited Inmate Computer System" application, which "enables messages to be exchanged between inmates and the general public in a secured manner." *See* https://www.bop.gov/inmates/communications.jsp (last visited September 5, 2023).

Having screened the complaint, as required under 28 U.S.C. § 1915A, and having found it to be deficient, I ordered Plaintiff to either file an amended complaint or show cause why this action ought not be dismissed. *Id. See generally Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

My findings as to the insufficiency of the complaint were spelled out in my order. *See* Docket No. 9.

I concluded the order with an express directive, and time limit, which included an explicit warning that a failure to comply with the order would likely result in dismissal of this action:

> Koehn shall by **May 20, 2024:** (1) pay the $405 filing and administrative fee <u>or</u> seek leave to proceed *in forma pauperis* along with the appropriate six month prison account statement; **and** (2) show cause why the complaint ought not be dismissed by a United States District Judge <u>or</u> file an amended complaint. Failure to comply with this Order will likely result in dismissal of this action by a United States District Judge. The Clerk is directed to send Koehn a form AO-240.

*Id.* at 6-7.

The time period having elapsed, Plaintiff has not responded to the order to show cause. Because the Complaint fails to state a claim upon which relief may be granted (*see* 28 U.S.C. §1915A(b)(1)), the complaint should be dismissed without prejudice.

The parties have not consented to the jurisdiction of a Magistrate Judge in this case. Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. *See* R. 3(a)(15) ("Such other pretrial matters as are dispositive of a claim or defense.").

## CONCLUSION

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court dismiss this action without prejudice.[2]

/s/ Paul G. Levenson

United States Magistrate Judge

Date: May 28, 2024

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).